# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| INDEPENDENT SCHOOL DISTRICT NO. 74 OF MCCURTAIN COUNTY, STATE OF OKLAHOMA, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-06–523-RAW |
| SHURTLEFF-GAHARAN, INC., also, known as SHURTLEFF, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the motion for summary judgment of defendant Federated Mutual Insurance Company ("Federated"). On May 19, 1997, plaintiff entered into a contract with defendant Shurtleff-Gaharan, Inc., ("Shurtleff") for the installation of a metal roof at Bennett Elementary School in Broken Bow, Oklahoma. As required by 61 O.S. §1, Shurtleff secured a performance bond and a payment bond from Federated.

Shurtleff ostensibly completed installation of the metal roof on or before October 8, 1997. Plaintiff subsequently experienced problems with the roof and commenced a state court law suit on or about October 31, 2006. On January 23, 2007, through the discovery process, plaintiff became aware that (it contends) Shurtleff used a nonconforming substrate and therefore did not "properly complete" the roof installation. On or about March 1, 2007, plaintiff filed its amended complaint, naming Federated as a defendant for the first time. A third amended complaint is presently before the Court.

Plaintiff asserts that Federated may be liable on the performance bond based upon the holding in *Southern Sur. Co. v. Dolese Bros. Co.*, 299 P. 211 (Okla.1931) that the liability of the principal

and surety on a contractor's bond is joint and several. Federated responds that a surety should not be held liable in connection with a performance bond under the facts of this case.

The standard for a summary judgment motion is set forth in Rule 56(c) F.R.Cv.P. The Court must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1124 (10th Cir.2005). The plaintiff's position is well-argued, but the Court is ultimately unpersuaded, and will grant the motion.

"A performance bond protects the owner of the property by assuring completion of a project in the event of <u>default</u> by the general contractor and a payment bond guarantees payment to subcontractors in the event of default." *Boren v. Thompson & Assoc.*, 999 P.2d 438, 441 (Okla.2000) (emphasis added)(footnote omitted). Here, there was no "default". The contractor finished its work, but allegedly created a latent defect in so doing. In the Court's view, a performance bond does not establish a surety as a guarantor of work quality *ad infinitum*.

Although plaintiff will not agree with this interpretation its brief, the Court subscribes to this passage: "So, here, there is no project to "complete," but rather a latent defect to correct. <u>Because this scenario is not contemplated by the Bond</u>, compliance with § 3 [i.e., notice requirement] is not a condition precedent to this case and summary judgment should be denied." (Reply at 9)(emphasis added). On the contrary, because this situation is not contemplated by the bond, liability under the bond does not exist.

A statutorily-required surety bond is a contract subject to statutory mandates. *U.S. Fidelity & Guar. Co. v. State ex rel. Oklahoma Tax Com'n*, 54 P.3d 1010, 1013 (Okla.2002). Bonds required by statutes are to be strictly construed and are not to be extended by implication beyond the clearly expressed intent of the statute. *Culver v. Mid-Continent Casualty Co.*, 526 P.2d 496, 499

(Okla.1974). Plaintiff argues that since the statutory language is that the bond "shall ensure the <u>proper</u> and prompt completion of the work in accordance with contract . . . ", 61 O.S. §1(B) (emphasis added), the surety is liable for <u>improper</u> completion, even as to a latent defect. The Court disagrees. Because a performance bond is triggered by default, the word "completion" here is more likely to mean "physical completion" rather than "perfect completion." If a contractor defaults on completion, the surety must "properly complete" the physical construction of the structure. "Completion" means "when the building is in fact finished." *Metropolitan Casualty Ins. Co. v. Dolese Bros. Co.*, 20 P.2d 569, 570 (Okla.1933). A latent defect appears to be beyond the scope of the performance bond. The contrary interpretation extends a surety's potential liability into infinity.

Even if the above analysis is incorrect, the Court finds the claim is time-barred. Whether construed as an action on an "official bond" or on a contract, the applicable statute of limitation is five years. *See* 12 O.S. §95[1]. Plaintiff argues that because the latent defect was not discovered until 2007[2], the "discovery rule" has suspended accrual of a cause of action until that time. The Supreme Court of Oklahoma has rejected extension of the discovery rule to suits for breach of contract involving construction. *See Samuel Roberts Noble Found., Inc. v. Vick*, 840 P.2d 619, 623 (Okla.1992).

Finally, it is undisputed that plaintiff did not provide the notice of default required by the bond prior to filing suit against Federated. Such a failure was found to preclude suit in *United States*

---

[1] Federated also points to the two-year limitation contained within the bond itself. The Supreme Court of Oklahoma has rejected the superseding of a statutory time limit in *Uptegraft v. Home Ins. Co.*, 662 P.2d 681, 686 (Okla.1983).

[2] As previously noted, plaintiff actually had "severe problems" with the roof at some earlier time. (*See* Reply at 2; Third Amended Complaint at 3, ¶5)

*Fidelity & Guaranty Co. v. Gray*, 233 P. 731 (Okla.1925), notwithstanding 18 O.S. §483 (requiring the construing of obligations of surety-for-hire liberally). *See also Seaboard Sur. Co. v. Town of Greenfield*, 370 F.3d 215, 219-220 (1st Cir.2004)(failure to provide notice constitutes a material breach of the bond). Plaintiff has referenced a July 3, 2007 letter in which it "gave notice" while this lawsuit was pending, which is legally ineffective.

It is the Order of the Court that the motion of defendant Federated Mutual Insurance Company for summary judgment (#122) is hereby GRANTED.

**ORDERED this 2nd day of AUGUST, 2007.**

**Dated this 2nd Day of August 2007.**

J4h4i0

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma

4